Weaver, J.
(dissenting). I concur fully with Justice CAVANAGH’s dissent, which thoroughly exposes the perversely unrestrained misinterpretation of the phrase “available to all residents of the state” within Const 1963, art 8, § 9 by the majority of four, Chief Justice TAYLOR and Justices CORRIGAN, Young, and Markman. The majority’s skewed interpretation of that phrase denies all the people of Michigan their constitutional right to full and equal use of libraries.
Libraries are vitally important institutions in a democracy. The people of Michigan adopted a constitutional provision that expressly guarantees that all residents of Michigan have access to libraries. Const 1963, art 8, § 9 states:
The legislature shall provide by law for the establishment and support of public libraries which shall be available to all residents of the state under regulations adopted by the governing bodies thereof. All fines assessed and collected in the several counties, townships and cities for any breach of the penal laws shall be exclusively applied to the support of such public libraries, and county law libraries as provided by law. [Emphasis added.]
Thomas Jefferson stated, in notably similar language to Const 1963, art 8, § 9:
I have often thought that nothing would do more extensive good at small expense than the establishment of a small *596 circulating library in every county, to consist of a few well chosen books, to be lent to the people of the country under such regulations as would secure their safe return in due time. [Letter from Thomas Jefferson to John Wyche, May 19, 1809.]
A learned public is essential to a democracy. In explaining the importance of the availability of books, Thomas Jefferson further stated:
Books constitute capital. A library book lasts as long as a house, for hundreds of years. It is not then an article of mere consumption but fairly of capital, and often in the case of professional men, setting out in life, it is their only capital. [Letter from Thomas Jefferson to former President James Madison, Sept. 16, 1821.]
Libraries ensure that information is available to all people, not only to the privileged. An essential function of a library is to provide the public with equitable access to information. The people of Michigan, through the Michigan Constitution, have declared that equitable access to libraries is something that they desire as a society to promote a democratic government in Michigan. The Michigan Constitution of 1908 stated that a library should be established in every township in Michigan. Const 1908, art 11, § 14. This goal proved to be financially unfeasible, especially for many of the small townships, and the constitutional provision was never strictly enforced. When the 1963 constitution was being drafted, due concern was given to the importance of constitutionally established libraries and their importance to the people of Michigan.
The key to the proper and restrained interpretation of “available to all residents of the state” by this Court is to determine what the ratifiers of the constitution, the people, believed “shall be available to all residents of the state” meant when they agreed to give up their *597 right to a library guaranteed in every township under the old constitution. As Justice CAVANAGH aptly points out, the people of Michigan believed (as indicated by the common understanding of “available to all residents of the state” and by the extensive, thorough constitutional convention debates) that they were giving up their constitutional right to have a library in every township because they were corollarily ensuring access to libraries to all residents of the state. However, the majority of four admits that its decision today leaves entire pockets of the Michigan community without access to any library whatsoever.[1] The majority of four’s decision today is not only unconstitutional, it also lacks common sense.
The majority of four’s unrestrained and mistaken decision directly contradicts the intent of the ratifiers of *598 the constitution and is unconstitutional because it divests the people of Michigan of their constitutionally promised right to full access to libraries.
The decision today is another example of the majority of four’s misuse of the power of interpretation to create policy and law, taking away the rights of the people of Michigan and denying them justice in this Supreme Court. It is yet another example of judicial activism by the majority of four. See also Herald Co v Eastern Michigan Univ Bd of Regents, 475 Mich 463; 719 NW2d 19 (2006) (eroding rights under the Michigan Freedom of Information Act); Kreiner v Fischer, 471 Mich 109; 683 NW2d 611 (2004) (reducing no-fault insurance rights); Maldonado v Ford Motor Co, 476 Mich 372; 719 NW2d 809 (2006) (preventing trial by jury); Gilbert v DaimlerChrysler Corp, 470 Mich 749; 685 NW2d 391 (2004) (overturning accountability for sexual harassment in the workplace); and Michigan Citizens for Water Conservation v Nestlé Waters North America Inc, 479 Mich 280; 737 NW2d 447 (2007) (reducing the rights of every citizen to protect the environment by suit under the Michigan Environmental Protection Act).

 Ante at 565. The majority states:
Indeed, it appears from statistics offered by the Michigan Department of History, Arts, and Libraries that less than Ve of 1 percent of the population of Michigan does not have a public library available either directly through their communities or through a cooperative agreement.[10]

 The department asserts that there are only 21 townships in Michigan with a population totaling 17,055 that do not have a library and that do not contract with another city or township for library services. Inexplicably, the department does not indicate how many cities are similarly lacking. Although we cannot imagine that this figure is very high, Bloomfield Hills obviously is one such city.
The majority admits that all the residents of the city of Bloomfield Hills will he left without library access, and further admits that there may be similarly situated residents across the state who will also be divested of their library access. Inexplicably, the majority brushes off the impact on these residents and cavalierly continues to proclaim that the majority opinion upholds the constitutional mandate to ensure that libraries “shall be available to all residents of the state.”